Charles Dreifus v. Commissioner.
Dreifus v. Commissioner
Docket No. 10350.
United States Tax Court
1947 Tax Ct. Memo LEXIS 246; 6 T.C.M. (CCH) 396; T.C.M. (RIA) 47092; April 17, 1947
*246 Harry Friedman, Esq. and Bernard H. Feldstein, Esq., 3020 Brant Bldg., Pittsburgh, Pa., for the petitioner. Homer F. Benson, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $1,768.90 in the petitioner's income and victory tax for the calendar year 1943. The Commissioner disallowed $2,655.58 of a total deduction of $4,982.26 taken for 1942 and he disallowed $2,594.87 of a deduction of $4,953.13 for 1943, each of which was claimed as expense of management and conservation of property held for the production of income. The Commissioner explained that the petitioner was entitled to only 50 per cent of the deductions claimed, "as the other fifty per cent represents expenses incurred by you on behalf of another individual, which, therefore, is not allowable as a deduction by you." The only issue for decision is whether the petitioner is entitled to a larger deduction for expenses of management and conservation of property held for the production of income than the amount thus allowed by the Commissioner. Findings of Fact The petitioner filed his individual returns for the periods here in question *247 with the collector of internal revenue for the twenty-third district of Pennsylvania. The petitioner was about 70 years of age in 1942. He had retired from business. He owned property worth about $1,000,000 at that time, most of which was invested in stocks and bonds which he held for the production of income. He had an office during 1942 and 1943 in an office building in Pittsburgh. He went to the office practically every day for the purpose of managing his securities. He employed George L. Hoagland there at $300 a month. Hoagland spent all of his working time in the office of the petitioner, most of which was spent in assisting the petitioner in managing the property which he held for investment. The petitioner expended the following amounts in connection with his office: 1942
1943
Rent
$1,126.68
$1,023.75
Telephone
77.06
81.11
Miscellaneous
38.50
108.27
Hoagland's salary
3,600.00
3,600.00
$4,482.24
$4,813.13 The petitioner, in addition, paid $140 in each year for a safety deposit box which he did not share with anyone and in which he kept his securities. The petitioner reported net income for 1942 in the amount of $19,750.42 and for 1943 *248 in the amount of $34,601.76. The petitioner's wife, Annette Dreifus, owned property separate from her husband. She reported net income for 1942 in the amount of $29,302.99 and for 1943 in the amount of $41,680.71. The petitioner's married daughter, Louise D. Sunstein, also had a separate estate of her own. She reported net income for 1942 in the amount of $22,417.37 and for 1943 in the amount of $15,345.96. Hoagland, at the petitioner's office and using a part of his working time there, did certain clerical work for Annette Dreifus and Louise D. Sunstein. He kept accounts for them in which he showed the securities which they owned and the income received on those securities. He did some other work in connection with the management of their securities and he made up their income tax returns. The petitioner expended in each of the years 1942 and 1943, $4,140 in the management, conservation, or maintenance of his property held for the production of income. Opinion MURDOCK, Judge: The Commissioner does not question the total expenditures made by the petitioner in the years in question. His only point is that a part of Hoagland's time was devoted to the affairs of the petitioner's *249 wife and daughter and, therefore, a part of his salary and a part of the office expenses were not expended by the petitioner in the management, conservation, and maintenance of his own property. The petitioner has produced evidence to show what Hoagland did and from that evidence a finding has been made of the amount expended by the petitioner for the management, conservation, and maintenance of his own property held for the production of income. There is no dispute between the parties as to taxable and non-taxable income produced by these efforts. The finding is necessarily an approximation because Hoagland did not tell exactly how much of his time was spent on the affairs of each or provide any method whereby the expenditures could be determined exactly. The uncontradicted evidence is that he spent only a small part of his time on the affairs of the wife and daughter, and from this and other evidence an approximation has been made bearing most heavily upon the petitioner, who had the burden of proof. . Decision will be entered under Rule 50.